s:\feeapplications\Garris.Response

GENOVA & MALIN
Attorneys for Debtors
Hampton Business Center
1136 Route 9
Wappingers Falls, New York  12590
(845) 298-1600
Thomas Genova, Esq. (TG4706)
Andrea B. Malin, Esq. (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------x
IN RE:

        **STACY J. GARRIS and**
        **CAROLE E. GARRIS,**

        **CHAPTER 13**
        **CASE NO. 11-36799**

        Debtors.
-----------------------------------------------------------x

## RESPONSE TO DEBTORS' LETTER REGARDING FEES

       The Response of GENOVA & MALIN to STACY J. GARRIS AND CAROLE E. GARRIS' request for this Court to review fees:

       1.  On June 23, 2011 , the debtors filed a case under Chapter 13 of the United States Bankruptcy Code retaining GENOVA & MALIN to represent them throughout the case. Annexed hereto as Exhibit "A" is a copy of the Retainer Agreement.  This was the second case filed by the debtors to obtain Chapter 13 relief in this Court.   This firm represented the debtors in the first case, after being substituted for their prior counsel with whom they were not satisfied.

       2.  Prior to the debtors executing the firm's Retainer Agreement, the debtors met with the undersigned who explained to them the fact that they would incur additional fees if they sought to modify the mortgage and enter into the Loss Mitigation Program.

       3.   The debtors were provided with ample time to review the Retainer

Agreement and ask questions regarding same before executing same and retaining this firm to represent it in the bankruptcy process. Prior to signing same, the debtors advised they understood the firm's Retainer and that additional fees would be incurred. As is evident from the Retainer Agreement annexed hereto, the debtors executed same.

4. The debtors were charged a fee in the sum of $3,500.00 for the filing and prosecution of the Chapter 13 Case. As is noted in the Retainer Agreement and the firm's 2016(b) Statement filed with this Court, the Loss Mitigation Process was not included therein. Annexed hereto as Exhibit "B" is a copy of the firm's 2016(b) Statement filed with this Court.

5. The firm represented the debtors throughout the case and throughout the loss mitigation process. The Loss Mitigation Process did not result in debtors' obtaining a Loan Modification, as the debtors were unable to provide to the mortgagee either bank account statements or pay check stubs demonstrating the amount of monthly income they claimed that they were receiving. The process was arduous and required several months of document exchange, due to delays caused by the debtors in failing to maintain a bank account and deposit money in it on a monthly basis sufficient to demonstrate their claimed income together with their pay check information. As there was additional time spent on the file not covered by the additional retainer paid, this firm kept contemporaneous time and expense records. Annexed hereto as Exhibit "C" are copies of this firm's time and expense sheets.

6. Pursuant to the firm's billing records annexed hereto, the debtors owed to the firm additional fees in the sum of $5,196.98.                                          .

7. On July 2, 2012, the Chapter 13 Trustee filed a Motion to Dismiss, as the

2

debtors were not current with their monthly plan payments. The Motion was withdrawn on December 18, 2012.

8. Again, on February 25, 2013, the Chapter 13 Trustee filed a second Motion to Dismiss, as once again, the debtors were not current with their monthly plan payments.

9. On April 24, 2013 , this Court entered an Order Dismissing the Debtors' Case for failure to remain current with the Chapter 13 Trustee. (See this Court's Docket.) Prior to the entry of the order, the debtors contacted the firm to discuss the additional fees charged. Both the undersigned and Mr. Genova participated in the call and explained same to the debtors.

10. On or about May 5, 2013, the Chapter 13 Trustee issued a refund check in the sum of $14,275.17. This check was deposited into the firm's escrow account on May 7, 2013. On or about May 17, 2013, the firm's escrow account ledger shows that a check in the sum of $9,078.19 was written in favor of the debtors. This reflected the difference between the amount refunded and the amount of $5,196.98 owed to the firm in additional fees.

11. On or about May 20, 2013, without any communication between the firm and the debtors, the debtors filed a grievance with the State of New York Grievance Committee For the Ninth Judicial District complaining that they were charged an unreasonable fee for the services performed, that they were never advised that additional fees would be charged, that they never executed a Retainer Agreement and did not receive billing statements. The debtors expressed to the Grievance Committee that the firm was rude, offensive and took advantage of them. Annexed hereto as Exhibit "D" is a copy of all documents filed with the Grievance Committee.

12. Based upon this complaint, it did not occur to the undersigned that the debtors did not receive their portion of the Chapter 13 Trustee refund. Instead, it was the firm's belief that the debtors were complaining only about the additional charges of $5,196.98. It was not until the debtors filed the current letter with this Court that it was brought to this firm's attention that they may not have received the refund check. Upon receipt of this notice, the undersigned immediately reviewed the firm's escrow records with the bank to determine if the check had been cashed. To date, after verifying with our bank, the check issued by Genova & Malin to Stacy and Carole Garris in the sum of $9,078.19 has not been deposited by Mr. & Mrs. Garris and therefore the undersigned awaits the direction of this Court.

13. Upon information and belief, it appears that this may have all been an unfortunate misunderstanding due to the lack of communication from the debtors regarding not receiving the refund. Accordingly, this firm remains ready to issue a refund check after this Court determines the reasonable fee to be charged in this matter.

14. Accordingly, it is respectfully requested that this Court entered an Order awarding to GENOVA & MALIN the sum of $5,196.98; directing the firm of GENOVA & MALIN to refund to the debtors any sums not previously refunded in the sum of $9,078.19.

**WHEREFORE,** GENOVA & MALIN respectfully requests that an Order be entered awarding to it the sum of $5,196.98 for reasonable fees and expenses and that the debtors receive the remaining sum in the escrow account in the sum of $9,078.19; and that GENOVA &

MALIN be granted such other and further relief as this Court deems proper.

Dated: Wappingers Falls, New York
August 15, 2013

                                              GENOVA & MALIN
                                              Attorneys for the Debtors

                                        By: /s/ Andrea B. Malin
                                              ANDREA B. MALIN (AM4424)
                                              Hampton Business Center
                                              1136 Route 9
                                              Wappingers Falls, NY 12590
                                              (845) 298-1600